**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000906
14-DEC-2012
09:20 AM**

NO. CAAP-11-0000906

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SUPPA CORP., a Hawai'i corporation, and
RAYMOND JOSEPH SUPPA, Plaintiffs-Appellants,
v.
ASSOCIATION OF APARTMENT OWNERS OF THE KAHALA BEACH,
by its Board of Directors, Defendant-Appellee
and
JOHN DOES 1-50, JANE DOES 1-50, DOE CORPORATIONS 1-50,
DOE PARTNERSHIPS 1-50, DOE GOVERNMENTAL
ENTITIES 1-50, DOE NON-PROFIT ENTITIES 1-50,
AND DOE DEFENDANTS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-1061)


MEMORANDUM OPINION
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Plaintiffs-Appellants Suppa Corp. and Raymond Joseph
Suppa (Suppa) appeal from (1) the November 2, 2011 Amended
Judgment and (2) the January 12, 2009 "Order Denying in Part and
Granting Summary Judgment in Favor of Defendant Association of
Apartment Owners of the Kahala Beach Against Plaintiffs in Part

on Plaintiffs' Motion for Partial Summary Judgment filed herein on October 16, 2008," (Order) both entered in the Circuit Court of the First Circuit[1] (circuit court).

## I. BACKGROUND

Suppa owns a one-eighth interest in "Lot 45-A" of Land Court Application 828. Defendant-Appellee Association of Apartment Owners of the Kahala Beach (AOAO) leases Lot 229, which contains a storm drainage system and a 30-inch diameter concrete pipe that encroaches 30 feet from Lot 229 into Lot 45-A. On June 20, 2006, Suppa filed a complaint alleging claims of negligence, trespass and nuisance, punitive damages and for an injunction against the AOAO, based on the presence of the concrete pipe and the pipe's discharge of water, silt, and debris gathered in the drainage system.

The AOAO initially submitted two answers to Suppa's complaint: one filed on August 2, 2006 by the AOAO's private counsel, and one filed on August 11, 2006 by its defense counsel. The August 11, 2006 answer asserted an easement as a defense, but the August 2, 2006 answer did not. The AOAO then filed an amended answer on May 23, 2007 which omitted the language discussing the easement, apparently by mistake. The AOAO also filed a counterclaim against Suppa for negligence and trespass and nuisance, alleging he had constructed an unauthorized concrete wall.

On October 16, 2008, Suppa filed a motion for partial summary judgment on his trespass and nuisance and injunction claims and on the AOAO's counterclaims. Suppa submitted a certified copy of the Transfer Certificate of Title (TCT) issued to him by the Land Court, which lists his interest in "Lot 45-A,

---

[1] The Honorable Eden Elizabeth Hifo presided over the proceedings relevant to this appeal.

Map 22, Land Court Application 828," and claimed his TCT does not note any easement for the concrete pipe or the discharge of water, silt, and debris.

The AOAO filed a cross-motion for summary judgment the next day, asserting the existence of a drainage easement in Lot 45-A (Easement S) giving it the right to place the pipe and discharge surface water. The AOAO attached as an exhibit Map 24, which was filed with Land Court Application No. 828 and indicates a designation of Easement S over Lot 45-A. On November 10, 2008, Suppa and the AOAO filed oppositions to the other's motion for summary judgment. In opposition to Suppa's motion for partial summary judgment, the AOAO again submitted Map 24 and claimed Easement S encumbers Suppa's interest.

On November 19, 2008, the circuit court held a hearing on the motions. The court denied Suppa's motion, as well as the AOAO's cross-motion. However, the circuit court granted summary judgment in favor of the AOAO on Suppa's motion. The court's reason for ruling in this manner was that the AOAO had filed two declarations accompanying Map 24, both submitted by the AOAO's attorney but with slight wording differences (discussed further below). The court found the declaration submitted with the AOAO's motion for summary judgment to be deficient, but found the declaration submitted with the AOAO's memorandum in opposition to Suppa's motion sufficient. The court admitted Map 24 as an ancient document pursuant to Hawai'i Rule of Evidence (HRE) 901(b)(8) (1993) with respect to Suppa's motion for partial summary judgment, and it ruled Easement S was an express encumbrance granted in the AOAO's favor over Suppa's property.

The circuit court granted partial summary judgment to the AOAO on Suppa's claims, and the parties filed a stipulation

3

to dismiss all remaining claims. Suppa timely appealed the circuit court's November 2, 2011 judgment.[2]

We summarize Suppa's points of appeal as follows:

(1) The circuit court erred in granting summary judgment in the AOAO's favor based on its finding of an express easement (Easement S) over Suppa's land;

(2) The circuit court erred in allowing the AOAO to submit evidence of an easement because the easement was an affirmative defense that the AOAO waived by failing to include in its amended answer;

(3) The circuit court erred in admitting Map 24 as an ancient document because it was not authenticated; and

(4) The circuit court erred in denying Suppa's motion for partial summary judgment.

## II.  STANDARDS OF REVIEW

On appeal, the grant or denial of summary judgment is reviewed *de novo*. *See State ex rel. Anzai v. City and County of Honolulu*, 99 Hawai'i 508, [515], 57 P.3d 433, [440] (2002); *Bitney v. Honolulu Police Dep't*, 96 Hawai'i 243, 250, 30 P.3d 257, 264 (2001).

[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

*Kahale v. City and County of Honolulu*, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004) (citation omitted).

---

[2]     The circuit court initially entered judgment on February 5, 2009, from which Suppa timely appealed. Under Appeal No. 29657, this court dismissed the appeal because the judgment did not comply with the requirements of Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994). On November 2, 2011, the circuit court entered an amended stipulation and final judgment that did not differ substantively.

Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008). "A court may enter judgment for the non-moving party on a motion for summary judgment where there is no genuine issue of material fact and the non-moving party is entitled to judgment as a matter of law." Univ. of Hawai'i v. City & Cnty. of Honolulu, 102 Hawai'i 440, 444, 77 P.3d 478, 482 (2003) (internal quotation marks omitted).

## III. DISCUSSION

**A. The Circuit Court Erred In Granting Summary Judgment In The AOAO's Favor**

Suppa contends the circuit court erred in finding an express easement (Easement S) encumbering his property. Because there are genuine issues of material fact as to whether the AOAO had the right to place the pipe and discharge water, silt, and debris, we conclude the circuit court erred in granting summary judgment to the AOAO.

Relying on Hawaii Revised Statutes (HRS) §§ 501-82 and 501-88 (2006), Suppa argues his Land Court TCT is conclusive evidence that there is no easement. HRS § 501-82 states, in relevant part:

> §501-82 **Tenure of holder of certificate of title.**
> (a) Every applicant receiving a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land who takes a certificate of title for value and in good faith, hold the same free from all encumbrances except those noted on the certificate in the order of priority of recordation[.]

HRS § 501-88 states:

> §501-88 **Certificate as evidence.** The original certificate in the registration book, and any copy thereof duly certified under the signature of the registrar or assistant registrar, and the seal of the court, shall be received as evidence in all the courts of the State and shall be conclusive as to all matters contained therein, except as otherwise provided in this chapter.

The circuit court apparently relied on two documents

5

when it found an express easement. The first document is Map 24, a Land Court document entitled "Designation of Easement 'S' Affecting Lot 45-A, as shown on Map 22." The map depicts Easement S placed over Lot 45-A, and the circuit court concluded Map 24 "expressly affects Lot 45-A . . . and expressly sets forth [Easement S]." Suppa's TCT, however, contains no reference to Map 24; it is unclear why, given that Map 24 was filed in 1966, while Suppa's TCT was issued in 2006. Nevertheless, Suppa's TCT refers only to Maps 22 and 29, and neither map was entered into evidence. Map 29 is not in the record and apparently shows an unrelated lot, Lot 238. Map 22, which is in the record as an exhibit to Suppa's motion to certify the judgment, depicts Lot 45-A but does not contain any indication of Easement S.

The second document the circuit court cited is Land Court Document 1103430. Under a section entitled "Encumbrances," Suppa's TCT notes his interest is subject to the "[p]erpetual covenants in Doc[] 1103430." Document 1103430 is a "Declaration of Protective Provisions" (DPP) made in connection with the sale of residential lots including Lot 45-A. The DPP lists covenants running with the land and sets forth the maintenance obligations of the co-tenants of Lot 45-A. Pursuant to HRS § 501-82(b),[3] a reference to a document containing an encumbrance can be sufficient to note an encumbrance on a certificate of title, and

---

[3]     HRS § 501-82(b) provides:

**§501-82  Tenure of holder of certificate of title.**
. . . .

(b) For the purposes of this section, an encumbrance shall be deemed sufficiently noted on a certificate if the notation:

        (1) References a document by name or number which contains an encumbrance; and

        (2) Indicates that the referenced document contains an encumbrance to which the registered land is subject.

therefore Suppa's interest is subject to the DPP's covenants. However, the reference to the DPP on Suppa's TCT states Suppa's interest is subject only to the "perpetual covenants" in the DPP, giving no notice that the DPP contains any easements encumbering Suppa's property. Moreover, nothing in the DPP itself expressly grants a drainage easement to the AOAO or refers to the existence of Easement S, and nothing in the record indicates any of the other documents referenced under the "Encumbrances" section of Suppa's TCT gives notice of Easement S.

The circuit court and the AOAO also rely on the DPP's reference to the Owner's Certificate of Title No. 28,667 (Title No. 28,667), the original title for Lot 45-A. Although the AOAO claims Title No. 28,667 notes a designation of Easement S, Title No. 28,667 was not in evidence and is not in the record. Instead, the AOAO relies on an Order of Subdivision directing the Land Court to endorse a designation of Easement S on Title No. 28,667. Even assuming Easement S is properly noted on Title No. 28,667, however, we deem the reference to Easement S in this manner to be an insufficient notice under HRS § 501-82(b). The DPP's sole reference to Title No. 28,667 is located in the property description section and only states: "All said Lots as described in Owners' Transfer Certificate of Title No. 28667." HRS § 501-82 indicates the legislature's intent to require encumbrances be noted with sufficient specificity to provide the title holder with notice of the encumbrance. In this case, the reference to the DPP on Suppa's TCT and the DPP itself gave no notice of a drainage easement encumbering Suppa's land and did not meet the requirements of HRS § 501-82(b).

Lastly, the AOAO argues the facts show an intent to create a drainage easement. Evidence of intent alone does not establish an express easement because "recognition of an express

7

easement in Hawai'i requires compliance with the land registration statute, which is premised on preserving the integrity of titles, rather than implementing the parties' intent." Ass'n. of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 122 n. 2, 58 P.3d 608, 633 n. 2 (2002) (Ramil, J., concurring). Evidence of intent is relevant to an implied easement theory, however. The AOAO correctly asserts that a valid unregistered encumbrance may be implied on Land Court registered property, depending on the parties' intent as shown by all the facts and circumstances under which the conveyance was made. Wailea Resort Co., 100 Hawai'i at 106, 58 P.3d at 617. See Henmi Apartments, Inc. v. Sawyer, 3 Haw. App. 555, 559, 655 P.2d 881, 885 (1982) ("Whether an implied easement exists depends on the intent of the parties as shown by all the facts and circumstances under which the conveyance was made.")

At the summary judgment stage of this case, the AOAO did not carry its burden of proof to establish an implied easement. The lack of a notation for a drainage easement on Suppa's TCT is sufficient to raise a genuine issue of material fact as to whether an easement was intended. Therefore, the circuit court erred in granting summary judgment to the AOAO.

B.     The Circuit Court Did Not Err In Denying Suppa's Motion For Partial Summary Judgment

Suppa claims the circuit court erred when it denied his motion for partial summary judgment for two reasons. First, he contends the existence of an easement is an affirmative defense which the AOAO waived by omitting from its amended answer to Suppa's complaint. Although the AOAO asserted the easement in its initial August 11, 2006 answer, Suppa contends the amended

8

answer supersedes the previous two answers.

Whether an affirmative defense has been waived due to a party's failure to plead the defense is a question of law reviewed de novo. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). "The primary purpose of requiring affirmative defenses to be pleaded is to give notice to the parties of such defenses. . . . [I]ssues not raised by the pleadings [that] are tried by express or implied consent of the parties, . . . shall be treated in all respects as if they had been raised in the pleadings." Hawaii Broad. Co., Inc. v. Hawaii Radio, Inc., 82 Hawai'i 106, 112, 919 P.2d 1018, 1024 (1996) (internal citations and quotation marks omitted). Here, the AOAO's August 11, 2006 answer sufficed to give notice to Suppa of the easement defense, and the AOAO consistently asserted the easement in its pre-trial statement, its motion for summary judgment, and its opposition to Suppa's motion. Additionally, Suppa has not claimed any prejudice from the AOAO's failure to assert the easement in its amended answer, nor is any suggested by the record. Suppa fully argued the issue of whether the AOAO had an easement both in his motion for summary judgment and at the hearing. Therefore, we conclude the circuit court did not err when it allowed the AOAO to assert Easement S as a defense. See also Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993) (affirmative defense can be raised for the first time on summary judgment absent prejudice).

Second, Suppa claims the circuit court erred by admitting Map 24 as an ancient document because Map 24 was not properly authenticated. We review the circuit court's rulings on authentication under HRE Rule 901 for abuse of discretion. State v. Konohia, 106 Hawai'i 517, 521, 107 P.3d 1190, 1194 (2005). HRE 901 provides that "[t]he requirement of authentication or

identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." In this case, the circuit court concluded Map 24 was properly authenticated as an ancient document and was admissible under the hearsay exception for ancient documents. HRE 901(b)(8) states ancient documents can be authenticated by evidence establishing the document: "(A) is in such condition as to create no suspicion concerning its authenticity, (B) was in a place where it, if authentic, would likely be, and (C) has been in existence twenty years or more at the time it is offered."

The AOAO attached Map 24, dated May 20, 1966, as an exhibit both to its memorandum in opposition to Suppa's motion and to its motion for summary judgment. To authenticate the exhibits, the AOAO attached declarations submitted by its attorney. Suppa contends both declarations are defective because neither indicates where Map 24 was found, thus failing to establish Map 24 "was in a place where it, if authentic, would likely be." HRE 901(b)(8)(B).

We conclude there was evidence in the record from which the circuit court, in its discretion, might properly find Map 24 was obtained from the Land Court. The declaration submitted with the AOAO's motion for summary judgment, which the circuit court found defective, stated:

> 2. Attached hereto as Exhibit "A" is a true and correct copy of Kamehame [sic] Schools Drainage Easement "S" was shown on Map 24, filed with the Land Court Application No. 828, May 20, 1966. This document provides notice to the world that Lot 45A is burdened by Easement "S."

The declaration the circuit court found sufficient to authenticate Map 24 stated:

> 4. Attached hereto as Exhibit "2" is a true and correct copy of Land Court document entitled Designation of Easement "S" Affecting Lot 45A, as shown on Map 22, Land Court

10

Application No. 828, referred to as Map 24, dated May 20, 1966.

The latter declaration's wording provided the circuit court with a sufficient basis to find that Map 24 was found in the Land Court. Nothing in the record creates suspicion regarding Map 24's authenticity, and Suppa makes no argument and cites no evidence indicating suspicion. The AOAO satisfied HRE 901, and the circuit court did not abuse its discretion when it admitted Map 24.

We also conclude the circuit court did not err in denying Suppa's motion for partial summary judgment. Based on Map 24 and the other documents in the record, there remain genuine issues of material fact as to whether the AOAO has the right to place the pipe and discharge water, silt, and debris over Suppa's property. Map 24 and the Order of Subdivision show a designation of Easement S over Lot 45-A. Although Suppa contends a designation is not the equivalent of a grant of easement, the designation may be relevant to establishing the parties' intent and to whether an implied easement exists. See Henmi Apartments, Inc. v. Sawyer, 3 Haw. App. at 559, 655 P.2d at 885. Therefore, summary judgment was not proper for either party.

## IV. CONCLUSION

Based on the foregoing, we vacate (1) the November 2, 2011 Amended Judgment and (2) the January 12, 2009 "Order Denying in Part and Granting Summary Judgment in Favor of Defendant Association of Apartment Owners of the Kahala Beach Against Plaintiffs in Part on Plaintiffs' Motion for Partial Summary Judgment filed herein on October 16, 2008," both entered in the

11

Circuit Court of the First Circuit and we remand this case for further proceedings.

DATED: Honolulu, Hawai‘i, December 14, 2012.

On the briefs:

George W. Van Buren
Robert G. Campbell
John B. Shimizu
(Van Buren Campbell & Shimizu)
for Plaintiffs-Appellants.

Keith K. Hiraoka
Shannon L. Wack
Jodie D. Roeca
(Roeca Luria Hiraoka)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

12